UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES MUDD, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, James Mudd ("Mudd"), by counsel, and for his causes of action against the Defendant, Home Depot U.S.A., Inc. ("Home Depot"), states and alleges as follows:

### I.   INTRODUCTION

1. This is an action brought by Mudd for race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). On or about September 25, 2018, Mudd filed a Charge of Discrimination against Home Depot asserting that Home Depot discriminated and retaliated against him in employment on the basis of race in violation of Title VII. Mudd claims he is a qualified black individual who has worked for Home Depot at its place of business located at 6235 Lima Road in Fort Wayne, Indiana since on or about June of 2007 as a part-time employee on the overnight freight team. In July of 2018, Mudd approached the Store Manager, Stacy Hensley ("Hensley") about obtaining a full-time position on the freight team. Hensley told Mudd there were not any positions open and there would not be any open positions in the future. In addition, Hensley stated to Mudd that, if he did go full-time, that would be a lifestyle change for him. In August of 2018, a co-worker outside of his protected

class was offered a full-time position on the freight team. Home Depot's asserted explanation for why this other employee was promoted to full-time was that this employee worked a twelve week period where he averaged thirty or more hours per week and, therefore, he was automatically converted from part-time status to full-time status. Mudd has picked up extra hours when asked but he was never allowed to exceed thirty hours per week on average over a twelve week period so as to convert to full-time. Typically, hours are usually monitored and not allowed to accrue to the point of automatic conversion to full-time. All of the full-time employees on the overnight freight team are white. Whenever extra hours were offered and picked up by Mudd or the other black employee on the overnight freight team, management always made sure to tell Mudd's supervisor when to stop allowing the extra hours so as to prevent him or his black co-employee from becoming full-time.

Mudd also believes he was retaliated against for filing the Charge of Discrimination and complaining about race discrimination because when a full time associate quit on or about August of 2019, the Home Depot management pulled the freight team together and informed them that they would be figuring out what would happen and let them know later. The position was a full-time third-shift position which Mudd was interested in and would have taken. This second meeting talked about by the Home Depot Management never occurred and the position was filled, ultimately, on or about October of 2019 by a white employee.

Mudd seeks all damages available to him including back pay, front pay, compensatory damages, punitive damages, and legal fees and costs.

## II.     PARTIES

2.     Mudd is an individual citizen and resident of Fort Wayne, Allen County, Indiana.

3. Home Depot is a corporation organized and existing under the laws of the State of Delaware with its principle place of business in Atlanta, GA which operates a store located at 6235 Lima Road, Fort Wayne, Indiana.

### III.     JURISDICTION AND VENUE

4. This Court has federal question jurisdiction by virtue of 28 U.S.C. § 1331 with respect to the Title VII claim, in addition to the federal court jurisdiction conferred by Title VII, 42 U.S.C. § 2000e-5(f)(3).  This Court is the proper venue pursuant to 28 U.S.C. § 1391 as Home Depot operates a facility in Fort Wayne, Allen County, Indiana, and Mudd worked at that location and resides in Fort Wayne, Indiana.

### IV.     FACTS

5. Mudd incorporates by reference paragraphs 1-4 of his Complaint as if same were fully set forth herein.

6. At all times relevant hereto, and for approximately twelve years, Mudd was employed by Home Depot at its store located at 6235 Lima Road, Fort Wayne, Indiana as a part-time employee on the overnight freight team.

7. On or about July of 2018, Mudd approached Home Depot management about obtaining a full-time position on the freight team.  Mudd was told at that time that there were not any positions open and that there would not be any open positions in the future.  In addition, Mudd was told by Home Depot management that, if he would go full-time, that would be a lifestyle change for him.

8. All of the full-time employees on the overnight freight team are white.

9. On or about August of 2018, a co-worker who is white and had less seniority was offered a full-time position on the freight team and took it.  Mudd was not offered the position.

10. Home Depot's asserted explanation for why this other employee was promoted to full-time was that this employee worked a twelve week period where he averaged thirty or more hours per week and, therefore, pursuant to Home Depot policy, he was automatically converted from part-time status to full-time status.

11. Whenever extra hours were offered or picked up by Mudd or the other black employee on the overnight freight team, Home Depot management always made sure to tell Mudd's supervisor when to stop allowing the extra hours so as to prevent him or his black co-employee from becoming full-time.

12. Mudd also believes he was retaliated against for filing the Charge of Discrimination and complaining about race discrimination because, on or about August of 2019, a full-time position came open which Mudd was interested in and would have taken but the position was filled ultimately on or about October of 2019 by a white employee.

13. As a direct result of the discrimination and retaliation against him, Mudd has suffered damages including lost pay, lost benefits, and emotional distress.

## V.     STATEMENT OF CLAIMS

### COUNT I – RACE DISCRIMINATION

14. Mudd incorporates by reference paragraphs 1-13 of his Complaint as if same were fully set forth herein.

15. Home Depot, through its employees and management, have discriminated against Mudd on account of his race in violation of Title VII.

16. As a result of the unlawful discrimination, Mudd has been damaged.

### COUNT II – UNLAWFUL RETALIATION UNDER TITLE VII

17. Mudd incorporates by reference paragraphs 1-16 of his Complaint as if same were fully set forth herein.

18. Mudd has been unlawfully retaliated against on account of his filing a Charge of Discrimination and making complaints to Home Depot about race discrimination.

19. Mudd has suffered damages on account of the unlawful retaliation against him.

### VI. PRAYER FOR RELIEF

WHEREFORE, Mudd prays for judgment in his favor and for the following relief:

a) back pay and benefits;

b) front pay and benefits;

c) compensatory damages;

d) punitive damages;

e) legal fees;

f) costs of this action; and

g) all other relief appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, James Mudd, hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

*THEISEN & ASSOCIATES, LLC*

s/John C. Theisen
John C. Theisen (#549-02)
Nathaniel O. Hubley (#28609-64)
810 South Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: (260) 422-4255
Fax: (260) 422-4245
*Attorneys for Plaintiff*